# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Rickie Lee Barker and Carolyn Ann Barker,<br>               Debtors<br><br>Address: 337 Nevel Hollow Road<br>          Hunlock Creek, PA 18621<br><br>Last four digits of Debtor SSN: 2888<br>Last four digits of Joint Debtor SSN: 3650<br><br>Rickie Lee Barker and Carolyn Ann Barker,<br>               Movants<br>v.<br><br>U.S. Small Business Administration,<br>               Respondent | Chapter 13<br><br>Case No. 5:20-bk-02896-MJC |

## Notice of Final Cure Payment

To: U.S. Small Business Administration,

Re: The claim filed on the claims register in this case at Claim Number 12 ("the Claim").

**Debtor contends that the amount required to cure any default on the Claim has been paid in full.**

This notice is being served by Debtor because:

a. the Claim is secured by a security interest in Debtor's principal residence,

b. the plan provides that Debtor will make contractual installment payments on the Claim,

c. more than 30 days have passed since the debtor completed payments under the plan, and

d. the trustee has not served the notice required by Rule 3002.1(f).

The holder of the Claim has an obligation to file and serve a response to this notice under Bankruptcy Rule 3002.1(g). That rule states:

**(g) Response to Notice of Final Cure Payment.** Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

Note that Rule 3002.1 applies "whenever a chapter 13 plan provides that contractual payments on the debtor's home mortgage will be maintained, whether they will be paid by the trustee or directly by the debtor. The . . . rule applies even if there is no prepetition arrearage to be cured." Advisory Committee Notes to 2016 Amendments.

        s/ Carlo Sabatini
        Carlo Sabatini, Attorney for Debtors
        Sabatini Law Firm, LLC
        216 N. Blakely St.
        Dunmore, PA 18512
        Phone (570) 341-9000
        Facsimile (570) 504-2769
        Email ecf@bankruptcypa.com
        Bar Number PA 83831